**G. A. STAFFORD & CO., Inc. v. PEDRICK, Collector of Internal Revenue.**

District Court, S. D. New York.

April 2, 1948.

Burke & Burke, of New York City (John H. Schmid, Frederic D. H. Gilbert and J. Frederic Taylor, both of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This case was submitted on a stipulation of facts. The plaintiff corporation filed a claim for a refund of $31,530.73, which it had paid to the Collector of Internal Revenue as excess profits tax for the calendar year 1941. The Commissioner of Internal Revenue rejected the claim for the refund, except as to an over-assessment of $686.66, which was paid to plaintiff. Plaintiff has sued for the balance of $30,844.07.

It is the contention of plaintiff that under the provisions of § 727(g) of the Internal Revenue Code, plaintiff was exempt from the excess profits tax for the year

1941. The pertinent provisions of § 727 are as follows:

"§ 727. The following corporations, except a member of an affiliated group of corporations filing consolidated returns under section 141, shall be exempt from the tax imposed by this subchapter: * * *

"(g) Domestic corporations satisfying the following conditions:

"(1) If 95 per centum or more of the gross income of such domestic corporation for the three-year period immediately preceding the close of the taxable year (or for such part of such period during which the corporation was in existence) was derived from sources other than sources within the United States; and

"(2) If 50 per centum or more of its gross income for such period or such part thereof was derived from the active conduct of a trade or business."

It is conceded that plaintiff satisfies the conditions of subdivision (2) of the above quoted section. The issue presented is whether plaintiff satisfies the conditions of subdivision (1).

■ The government asserts that plaintiff did not derive 95% of its gross income, for the three year period of 1939, 1940, and 1941, from sources other than sources within the United States, because (1) more than 5% of plaintiff's gross income was derived from sales to foreign customers in which payment was received by cash against shipping documents, presented through a United States bank, or the foreign customer's representative in the United States, and by accepted letter of credit payable in the United States; and because (2) even if it were conceded that all of plaintiff's income from sales to foreign customers constituted income from sources outside the United States, nevertheless the cotton export subsidy of $50,291.83 paid to the plaintiff in the year 1941, under the Agricultural Adjustment Act, 7 U.S.C.A. § 612c, and the Soil Conservation Act, 16 U.S.C.A. § 590l, was income derived from sources within the United States (from the United States Treasury) and in itself would be sufficient to reduce plaintiff's income from outside the United States below the 95% requirement.

I believe that the Government is correct in both its contentions.

■ The Excess Profits Tax is Chapter 2 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 500 et seq. Section 728 (part of Chapter 2) provided: —"The terms used in this subchapter shall have the same meaning as when used in Chapter 1." The Income Tax is Chapter 1, 26 U.S.C.A. Int.Rev.Code, § 1 et seq. Section 119 is part of Chapter 1 and it describes the items which may be treated as income from sources within the United States, income from sources without the United States, and income from sources partly within and partly without the United States. The Commissioner in Regulation 111, Section 29.119-8 (issued in respect to Section 119 of the Internal Revenue Code,) states "The 'country in which sold' ordinarily means the place where the property is marketed." In applying Section 119 of the Internal Revenue Code, the courts have held that the source of income from a sale is where title to the property passes from the seller to the buyer. East Coast Oil Co. v. Commissioner, 5 Cir., 85 F.2d 322, certiorari denied 299 U.S. 608, 57 S.Ct. 234, 81 L.Ed. 449. In the case at bar payments made in the United States against delivery of shipping documents, such as on F.O.B. and C.I.F. contracts, constitute income derived from sources within the United States.

■■ The cotton export subsidy of $50,-291.83 paid to the plaintiff in the calendar year 1941 was income derived from sources within the United States. Such subsidies "are within the broad concept of income as that term is defined" in Section 22(a) Internal Revenue Code. Baboquivari Cattle Co. v. Commissioner, 9 Cir., 135 F.2d 114 at page 116. The plaintiff taxpayer contends in this case that the subsidy payment should be considered only as reducing the net cost of the goods sold. If that were so, then the subsidy would lose its separate identity as income and would be buried in the figures determining the net cost of the goods sold. I do not agree with the plaintiff's argument. The subsidy is not based on the price at which the goods are either bought or sold by the taxpayer. The subsidy is a certain sum, calculated at so

many cents per pound of net weight of United States cotton products sold by the corporation in foreign markets.

It may be, as in this case, that the inclusion of the cotton subsidy as part of the taxpayer's income derived in the United States, would bar the taxpayer from qualifying for the exemption from excess profits taxes, thereby indirectly reducing the amount of the subsidy. But that would not be a matter for the courts to correct, if it required correction. Congress presumably knew that when it enacted § 727 (g). [All of §§ 726 to 728 were repealed as of the end of the tax year 1945.]

■ It should be noted also that the tax exemption statutes are strictly construed. Interstate Transit Line v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607; Helvering v. Ohio Leather Co., 317 U.S. 102, 63 S.Ct. 103, 87 L.Ed. 113. The taxpayer has the burden of proof.

■ It is possible to give effect to both the subsidy and the exemption. The exemption section applies to corporations, regardless of what merchandise they sell abroad. The subsidy applies only to sales abroad of cotton products. The statutory provisions are independent and are not necessarily inconsistent. The type and volume of the corporation's business might be such that it would be entitled to the exemption from surtaxes, but not to any cotton subsidy; or to the subsidy but not to the exemption; or to neither; or to both. The answer in each case would depend upon the factual situation presented.

For the foregoing reasons the complaint is dismissed on the merits.

### Findings of Fact.

1. The facts stated in the Stipulation of Facts, dated March 10, 1948, are hereby adopted as the Court's findings of fact.

### Conclusions of Law.

I. The Commissioner of Internal Revenue properly rejected, to the extent of $30,844.07, plaintiff's claim for a refund of the tax paid by plaintiff as an excess profits tax for the calendar year 1941.

II. Plaintiff did not come within the class of corporations exempt from the Ex-

cess Profits Tax, in that plaintiff did not satisfy the conditions of subdivision (1) of § 727(g) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 727(g) (1).

III. The complaint herein should be dismissed on the merits with costs to the defendant. Let judgment be entered accordingly.